IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| FleetPride, Inc., ) | C/A No.: 4:10-2288-RBH-SVH |
|     Plaintiff, ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| Fleet Care Tire and Truck Service, LLC ) a/k/a Green's Tire and Truck Service and ) Danny Green, ) | |
|     Defendants. ) | |

Plaintiff FleetPride, Inc. ("FleetPride") sued Fleet Care Tire and Truck Service, LLC a/k/a Green's Tire and Truck Service and Danny Green ("Defendants") on September 1, 2010, seeking injunctive and monetary relief for trademark infringement and false designation of origin. FleetPride alleged that Defendants have violated, and continue to violate, Section 32 of the United States Trademark Act, 15 U.S.C. § 1114, Section 43(a) of the United States Trademark Act, 15 U.S.C. §§ 1125, *et seq.* (the "Lanham Act"), and South Carolina law through their allegedly unauthorized use of FleetPride's FLEETPRIDE, FLEETCARE TRUCK SERVICE CENTER, and FLEETCARE BY FLEETPRIDE TRUCK SERVICE CENTER trademarks (the "FleetPride Marks").

I.     Factual Background

FleetPride manages a network of over 180 independently-owned truck service centers ("Affiliates") that specialize in heavy-duty repair and maintenance. Service

centers enroll in the FleetCare Program by qualifying and completing Enrollment Forms, executing a FleetCare Truck Service Center Relationship Agreement with FleetPride, and paying an annual registration fee of $795 (which is deferred for the first 6 months). Once enrolled, FleetCare Affiliates are provided with a number of services by FleetPride, including but not limited to a FleetCare Enrollment Kit containing promotional goods and advertising of the Affiliate's services through referrals and advertising in trade materials. Affiliates are also provided a license ("FleetCare Trademark Agreement") to use the FleetPride Marks on signs and panels and in other materials such as letterhead, invoices, checks and business cards, as a participant in the FleetCare Program. The FleetCare Trademark Agreement allows the Affiliate to purchase and display additional signs from FleetPride bearing the FleetPride Marks, but states that the Affiliate acquires no right or title to such signs or panels.

On or around July 31, 2007, Danny Green signed the enrollment form and trademark agreement on behalf of Green's Tire and Truck Service. Subsequent to Defendant Green's execution of the Enrollment Forms, the FleetCare Truck Service Center Relationship Agreement, and the FleetCare Trademark Agreement, an Enrollment Kit containing pens, patches, desk pad schedulers, signage, a clock, mats, hats, a display stand, a business builder guide, and other materials featuring the FleetPride Marks were provided to Defendant Green by FleetPride for use and display in connection with the FleetCare Program. FleetPride also alleges Green changed the name of his business from Green's Tire and Truck Service to Fleet Care Tire and Truck Service on or around April

2

18, 2008. Green also registered Fleet Care Tire and Truck Service with the South Carolina Secretary of State's Office on or about April 18, 2008. FleetPride alleges Green breached the agreement by refusing to pay the enrollment fee and failing and/or refusing to pay for product purchased from FleetCare and attempting to return product that was either damaged or not purchased from FleetCare. FleetPride terminated Defendants' participation in the FleetCare program on August 28, 2008. Subsequent to the termination, Green failed or refused to remove a number of signs and advertising he acquired through the FleetCare program, despite numerous requests by FleetPride.

II.  Procedural History

Defendant Green was served, both individually and as registered agent for Fleet Care Tire and Truck Service, LLC, as evidenced by the affidavits of proofs of service [Entry #8, #9]. Although defendant Green served a writing on FleetPride's counsel purporting to be an answer,[1] he did not file the same with the court as required in the Summons [Entry #8]. Pursuant to FleetPride's request [Entry #10], the Clerk of Court entered default against Defendants on October 14, 2010 [Entry #11]. FleetPride then moved for a hearing to determine damages, including injunctive relief, pursuant to Fed. R. Civ. P. 55(b)(2) [Entry #12]. FleetPride further served Green with its motion for default judgment. [Entry #13].

---

[1] Green brought the original of the writing to the hearing as evidenced by Defendant Green's exhibit list [Entry #21]. The writing is also docketed as an exhibit to FleetPride's motion for default judgment [Entry #12-1].

Pursuant to 28 U.S.C. § 636(b)(1)(B), the Honorable R. Bryan Harwell referred the default judgment motion to the undersigned for a report and recommendation [Entry #14]. Although Defendants had not appeared in this action and were not entitled to notice of the hearing on the default judgment motion, the court sent a notice of the hearing to Green out of an abundance of caution. *See* Fed. R. Civ. P. 5(a) ("[n]o service need be made on parties in default for failure to appear...."). Present at the hearing were Arthur E. Justice, Jr. and Ashley Heather Wilkes on behalf of FleetPride and Danny Green, proceeding pro se on his own behalf.[2] Mr. Green was informed by the court that he could not represent the corporate defendant pro se. *See Rowland v. California Men's Colony*, 506 U.S. 194, 201–02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."); *Honour Technical Group, Inc. v. U.S.*, 326 Fed. Appx. 141 (4th Cir. 2009); *see also*, Local Civil Rule 83.I.07(3) (D.S.C.).

At the hearing, FleetPride waived its right to seek damages against Defendants, but indicated it wanted Defendants to cease using the FleetPride marks and return its signage. Green agreed to stop using FleetPride's trademarks and to return all of the requested materials to FleetPride within ten days of the hearing. The court indicated it would suspend issuing this Report and Recommendation for ten days to permit Green the opportunity to fulfill his promise to cease the use of FleetPride's trademarks and to return

---

[2] Though Green appeared at the hearing, he did not make a motion, either orally or in writing, to set aside the entry of default. Because FleetPride waived its right to seek damages against Defendants, this is largely an academic point.

to FleetPride any signage bearing the trademarks. The court invited counsel to file a letter by January 18, 2011 indicating Green's compliance and noted that if such a letter was not filed, this Report and Recommendation would issue against Defendants. As of the date of this Report, no letter has been filed indicating Green's compliance with his promise.

III.    Discussion

FleetPride is entitled to default judgment pursuant to Fed. R. Civ. P. 55(b)(2). Upon entry of default, a defendant admits the factual allegations of a plaintiff's complaint. *DIRECTV, Inc. v. Rawlins*, 523 F.3d 318, 322 (4th Cir. 2008); *see also Select Financial Services, LLC v. Penland Financial Services, Inc.*, Civ. No. 7:05-cv-2647, 2009 WL 4016719, *3 (D.S.C. Nov. 18, 2009).

"The elements of federal trademark infringement and unfair competition are that plaintiff possesses a mark, that the defendant used the mark, that the defendant's use of the mark was in commerce, that the defendant used the mark in connection with the sale, offering for sale, distribution or advertising of goods and services, and that the defendant used the mark in a manner likely to confuse consumers." *Graduate Management Admission Council v. Raju*, 267 F.Supp.2d 505, 510 (E.D. Va. 2003) (citing *People for the Ethical Treatment of Animals v. Doughney*, 263 F.3d 359, 364 (4th Cir. 2001)). The standards for federal and South Carolina common law trademark infringement are the same. *See Vantage, Inc. v. Vantage Travel Service, Inc.*, Civ. No. 6:08-2765, 2010 WL 1427965, *2 (D.S.C. April 8, 2010).

FleetPride has successfully made out claims of trademark infringement under both federal and state law. Specifically, FleetPride alleges in its Complaint that:

- FleetPride owns the federal trademark registrations for the FleetPride marks, Compl. at ¶ 9;

- Defendants are making unauthorized use of the FleetPride marks in connection with Fleet Care Tire and Truck, LLC, Compl. at ¶¶ 35, 43;

- Defendants are making commercial use of the FleetPride marks, Compl. at ¶¶ 35, 43; and

- There is likely to be confusion as to source of, or connection between, FleetPride and Defendants, Compl. at ¶¶ 44, 52.

*See Pizzeria Uno Corp. v. Temple*, 747 F.2d 1522, 1527 (4th Cir. 1984) (listing the seven likelihood of confusion factors); *see also Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 127 (4th Cir. 1990) ("The test is likelihood of confusion; evidence of actual confusion is unnecessary.").

FleetPride seeks a default judgment in the form of permanent injunctive relief on all of its claims. Courts have the authority to grant permanent injunctions under the Lanham Act for trademark infringement. *See* 15 U.S.C. §§ 1116(a), 1125(a). Courts likewise have the authority to grant injunctions in default judgment actions involving trademark infringement. *See Leading Edge Marketing, Inc. v. Builders ProSource, LLC*, Civ. No. 3:09-cv-704, 2009 WL 2612817, *4 (D.S.C. August 24, 2009) (granting injunction in trademark infringement default judgment action). Permanent injunctive relief is appropriate where (i) the plaintiff risks suffering irreparable harm, (ii) monetary remedies are inadequate to compensate for the plaintiff's injury, (iii) the balance of

hardships favors the plaintiff, and (iv) the public interest would not be disserved by an injunction. *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006).

After reviewing the record and the case law, the undersigned finds that FleetPride will suffer irreparable harm if an injunction does not issue. First, trademark injuries are considered irreparable. *Toolchex, Inc. v. Trainor*, Civ. No. 3:08-cv-236, 2009 WL 2244486, *2 (E.D. Va. July 24, 2009) (on motion for default judgment, the court stated that "[i]rreparable injury necessary for injunctive relief regularly follows from trademark infringement") (citing *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 939 (4th Cir. 1995)). Furthermore, FleetPride alleged throughout its Complaint that Defendants have caused irreparable harm to FleetPride's goodwill, Compl. at ¶¶ 45, 46, 53, 58, 64, and it is well-established that harm to a company's goodwill is considered irreparable. *See Innovative Value Corp. v. Bluestone Financial, LLC*, Civ. No. 2009-0111, 2009 WL 3348231, *3 (D. Md. Oct. 15, 2009) (finding that harm to goodwill "may fairly be characterized as 'irreparable' in nature"). Second, monetary damages are inadequate to compensate for FleetPride's injury. Without a permanent injunction, Defendants will continue to unlawfully use the FleetPride marks in connection with their business and FleetPride will have no other recourse against Defendants. *See Philip Morris USA, Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 502 (C.D. Cal. 2003) ("…Defendant, though well aware of serious claims brought against it, has chosen to ignore this lawsuit. Failure to grant the injunction would needlessly expose the Plaintiff to the risk of continuing irreparable harm."); *see also Innovative Value Corp.*, 2009 WL

3348231, at *3 ("As Defendant's infringement has continued despite the issuance by Plaintiffs' counsel of two cease-and-desist letters, and Defendant has not appeared or participated in this litigation, further infringement is a continuing threat, making remedies at law insufficient to compensate for Plaintiffs' injuries.").

Third, the balance of hardships clearly tips in favor of FleetPride. Defendants have no right to operate such a similarly-named business and to hold itself out, through name, signage, or otherwise, as affiliated with FleetPride and are profiting unjustly thereby. Defendants' unauthorized use poses a threat to FleetPride's efforts and expenditures in developing goodwill in the FleetPride name and brand. Finally, the public interest would not be disserved by a permanent injunction, as there is greater public benefit in securing the integrity of FleetPride's marks than in allowing Defendants to continue to use the marks in violation of FleetPride's rights. Further, "[p]reventing confusion is in the public interest." *Toolchex, Inc.*, 2009 WL 2244486, at *3.

IV.   Conclusion and Recommendation

For the foregoing reasons, it is recommended that the district court enter default judgment in FleetPride's favor and permanently enjoin Defendants as follows:

A.   Requiring Defendants to immediately transfer any and all materials, signage, brochures, advertising materials, letterhead, and other promotional materials that bear the FleetPride Marks (including FLEETPRIDE, FLEETCARE TRUCK SERVICE CENTER, and FLEETCARE BY FLEETPRIDE TRUCK SERVICE CENTER trademarks) or any similar marks to FleetPride;

B.  Preliminarily and permanently enjoining Defendants from using and operating under the mark and trade name FLEET CARE TIRE AND TRUCK SERVICE in the State of South Carolina and throughout the United States;

C.  Preliminarily and permanently enjoining Defendants, or anyone else acting in concert with Defendants, or on their behalf, from:

　　1)  Using or displaying any signage, brochures, advertising or other promotional materials that bear the FleetPride Marks or any similar variations thereof in any manner whatsoever;

　　2)  Using the FleetPride Marks or any similar variations thereof in connection with any advertisements, marketing or sales activities of any kind;

　　3)  Creating, distributing or placing for viewing or publication any materials of any kind that bear the FleetPride Marks in the future;

　　4)  Registering or continuing to operate as a business name any trade name that incorporates the FleetPride Marks or is a similar variation thereof in the future;

　　5)  Engaging in any other conduct that is dilutive of the FleetPride Marks or that suggests or tends to suggest to the public that Defendants are, in any manner, directly or indirectly affiliated, connected or associated with FleetPride or that Defendants' services or commercial activities originate from or are sponsored or approved by FleetPride;

D. Requiring Defendants to file with the court and serve upon FleetPride's counsel within thirty (30) days after entry of judgment a report in writing under oath, setting forth in detail the manner and form in which they have complied with the judgment.

E. Ordering a fine of $100.00 per day be paid by Defendants to the court for civil contempt for each day Defendants fail to comply with the district judge's order.

IT IS SO RECOMMENDED.

January 19, 2011                                Shiva V. Hodges
Florence, South Carolina                        United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**