IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| FleetPride, Inc., | ) | |
|     Plaintiff, | ) | C.A. No.: 4:10-cv-02288-RBH |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| | ) | |
| Fleet Care Tire and Truck Service, LLC | ) | |
| a/k/a Green's Tire and Truck Service and | ) | |
| Danny Green, | ) | |
|     Defendants. | ) | |

    Plaintiff brought this suit seeking injunctive and monetary relief for trademark infringement and false designation of origin. This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Shiva V. Hodges, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina.

    The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

1

Neither party has filed objections to the Report and Recommendation. In the absence of objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The Court reviews only for clear error in the absence of an objection. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310 (4th Cir. 2005) stating that "in the absence of a timely filed objection, a district court need not conduct *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" (quoting Fed. R. Civ. P. 72 advisory committee's note).

After a thorough review of the record in this case, the Court finds no clear error. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted as modified[1] and incorporated by reference. Therefore, it is

**ORDERED** that default judgment is entered in Plaintiff's favor and Defendants are permanently enjoined as follows:

A.  Defendants are required to immediately transfer any and all materials, signage, brochures, advertising materials, letterhead, and other promotional materials that bear the FleetPride Marks (including FLEETPRIDE, FLEETCARE TRUCK SERVICE CENTER, and FLEETCARE BY FLEETPRIDE TRUCK SERVICE CENTER trademarks) or any similar marks to FleetPride;

---

[1] The court notes that in adopting the recommendation of the Magistrate Judge, it has modified the Magistrate Judge's recommendation regarding Part E below.

B. Defendants are preliminarily and permanently enjoined from using and operating under the mark and trade name FLEET CARE TIRE AND TRUCK SERVICE in the State of South Carolina and throughout the United States;

C. Defendants, or anyone else acting in concert with Defendants, or on their behalf, are preliminarily and permanently enjoined from:

1) Using or displaying any signage, brochures, advertising or other promotional materials that bear the FleetPride Marks or any similar variations thereof in any manner whatsoever;

2) Using the FleetPride Marks or any similar variations thereof in connection with any advertisements, marketing or sales activities of any kind;

3) Creating, distributing or placing for viewing or publication any materials of any kind that bear the FleetPride Marks in the future;

4) Registering or continuing to operate as a business name any trade name that incorporates the FleetPride Marks or is a similar variation thereof in the future;

5) Engaging in any other conduct that is dilutive of the FleetPride Marks or that suggests or tends to suggest to the public that Defendants are, in any manner, directly or indirectly affiliated, connected or associated with FleetPride or that Defendants' services or commercial activities originate from or are sponsored or approved by FleetPride;

D. Defendants are required to file with the court and serve upon FleetPride's counsel within thirty (30) days after entry of judgment a report in writing under oath, setting forth in detail the manner and form in which they have complied with the judgment;

E. Should Defendants fail to file such a report as contemplated in Part D of this Order, the court will consider a motion by Plaintiff for civil contempt and any appropriate sanctions allowed under this court's contempt authority, including but not limited to a $100.00 a day fine for each day Defendants fail to comply with this Order.

**IT IS SO ORDERED.**

 s/R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
February 8, 2011